## WHITE *v.* SCREVEN COUNTY.

1. The board of commissioners of Screven county has no authority to appoint a a clerk and pay him for his services out of the county treasury.
2. The evidence in the present case warranted a finding that the amount specified in the verdict was paid to the plaintiff in error exclusively for services rendered the county board in the capacity of clerk, and the recovery thereof by the county was accordingly lawful.

Submitted January 29, — Decided February 28, 1901.

Complaint. Before Judge Evans. Screven superior court. February 3, 1900.

*T. E. Watson, White & Boykin,* and *Akerman & Akerman,* for plaintiff in error. *Oliver & Overstreet,* contra.

LUMPKIN, P. J. This case, as presented here, turns upon two questions, one of law and the other of fact.

1. The legal question is whether or not the board of commissioners of Screven county has authority to appoint a clerk and pay him for his services out of the county treasury. A review of all the legislation bearing upon this question has led us to the conclusion that this board has no such power. Prior to the act of December 9, 1871, providing "for the election and creation of a board of county commissioners for the county of Screven" (Acts of 1871-2, p. 231), the jurisdiction over county matters was vested in the or-

dinary. The act just mentioned conferred this jurisdiction upon the board of commissioners thereby created, and expressly empowered the board to appoint a clerk. On the 19th of January, 1872, the General Assembly passed an "act to create a county court in each county of the State of Georgia, except certain counties therein mentioned." Acts of 1871-2, p. 288. The 21st section of this act declared that the "county judge shall discharge all the duties formerly devolved on the justices of the inferior court, as to county business, except in those counties where, by local laws, other provision has been made by the legislature of this State." Ibid. pp. 297-8. The provision just quoted was subsequently codified in section 313 of the Code of 1873. Thus matters stood, so far as concerned Screven county, until March 3, 1874, when the General Assembly passed an "act to give the judge of the county court of Screven county jurisdiction as to county business, as prescribed in section 313 of the new Code of 1873, and for other purposes." Acts of 1874, p. 80. So much of that act as is now material is embraced in the first three sections thereof, which provide: "That the county judge of the county court of Screven county shall have jurisdiction as prescribed in section three hundred and thirteen (313) of the" Code of 1873; that he "shall have all jurisdiction which was conferred upon the board of county commissioners under the act approved December 9, 1871," and that "so much of said act of 1871 as provides for the election or creation of a board of commissioners, or the appointment of a clerk for the same, and all amendments of said act, be and the same are hereby repealed." Again, on February 21, 1876, another statute was passed, the title of which was as follows: "An act to amend the laws in relation to the jurisdiction of the county judge in county matters, so far as the same relate to the county of Screven, and to provide for the exercise of such jurisdiction by a county board herein created, and for other purposes." Acts of 1876, p. 288. By the 1st, 2d, and 12th sections of that act it was declared: "That the county judge of Screven county shall no longer have exclusive jurisdiction in county matters, as is provided by the act approved March 3, 1874, entitled 'An act to give the judge of the county court of Screven county jurisdiction as to county business, as prescribed in section 313 of the new Code of 1873, and for other purposes,' but such jurisdiction in county business shall be exercised as hereinafter

mentioned." "That the jurisdiction now exercised by said county judge in county matters shall be hereafter exercised by a court composed of the county judge of said county court, the ordinary of said county, and one county commissioner, to be elected as hereinafter provided for." "That nothing herein mentioned shall be construed to give said county board any other jurisdiction than that contemplated in the act recited in the 1st section of this act." On the 28th of September, 1881, the General Assembly passed "An act to establish a board of commissioners for Screven county, and for other purposes," which merely provided for the election of a county commissioner to take the place of the county judge as a member of the board. Acts of 1880-81, p. 545. The only remaining statute relating to the board of commissioners of that county went into effect September 23, 1885. It provided for the election by the people of a commissioner to take the place of the ordinary on the board, but did not otherwise change the status or powers thereof. Acts of 1884-5, p. 430.

In the brief of counsel for the plaintiff in error an attack is made upon the constitutionality of the above-mentioned act of 1874; but inasmuch as neither the bill of exceptions nor the record discloses that any question as to the constitutionality of this act was made in and passed upon by the trial court, we can not, of course, undertake to deal with the points which counsel thus for the first time seek to raise. See *Hill* v. *State*, 112 *Ga.* 32, 400, and cases cited. At the same time, we do not wish to be understood as intimating any doubt concerning the constitutionality of that statute. Assuming its constitutionality, its effect was to take away from the county board created by the act of 1871 all jurisdiction over county matters thereby conferred, and to vest the same jurisdiction in the county judge, save only as to the power of appointing a clerk. The act of 1874 also gave to the county judge such jurisdiction over county matters as was provided for in section 313 of the Code of 1873. That section, as above shown, declared that, except as to certain counties, county judges should discharge "all the duties formerly devolved on the justices of the inferior court." It was earnestly insisted here that this provision gave to the county judge of Screven county authority to appoint a clerk. The argument was, that inasmuch as the inferior court had a clerk whose duties extended not only to matters pertaining strictly to his office as clerk

of that tribunal, with respect to its jurisdiction over suits, etc., but also to recording the proceedings of the justices in attending to the general business of the county, it was contemplated by the General Assembly, in passing the act of 1874, that the county judge should be entitled to a clerk upon whom should devolve similar duties with respect to such business as he might transact when sitting for county purposes. The fallacy of this argument will readily appear when it is noted that the justices of the inferior court had no power in connection with the appointment or election of the clerk of that court. On the contrary, this official was elected by the people and duly commissioned by the Governor, as were other county officers. So, then, the act of 1874, in conferring upon the county judge authority to discharge the duties formerly devolved upon the justices of the inferior court, did not clothe him with power to appoint a clerk, for the justices themselves had no such power. Even if the bare fact that while the inferior court existed there was a clerk thereof would, had the act of 1874 been silent with respect to the matter of appointing a clerk, have warranted the inference that its design was to give to the county judge the power to appoint one, it is, in view of the provision in that act expressly repealing so much of the act of 1871 as related to the appointment of a clerk, difficult to see how such an inference could with fairness or reason be drawn.

The act of 1876 did not confer such power upon the board thereby created. It simply took away from the county judge exclusive jurisdiction over county matters, as provided by the act of 1874, and made provision for a county board consisting of the county judge, the ordinary, and a commissioner to be elected by the people. Indeed, the 12th section of the act of 1876 in terms declared that nothing in that act "mentioned" should be construed as an enlargement of the jurisdiction over county matters which the county judge had, under the act of 1874, authority to exercise.

A glance at the acts of 1881 and 1885, above referred to, will be sufficient to show that they have no bearing whatever upon our present inquiry.

2. The question of fact involved in this case arose as follows: The action was brought by the county to recover money which it alleged had been unlawfully paid to White for services rendered by him as clerk of the county board. In his answer he set up the defense that he had received this money for services rendered the

county in other capacities. Upon the issue thus made there was much evidence pro and con, and the controversy finally narrowed down to the question whether or not White really received the money for services performed by him in his capacity as clerk. There was ample evidence to sustain a finding that he did, and consequently the verdict which the jury returned in favor of the county was not without evidence to support it. As it was approved by the trial judge, our plain duty is to allow it to stand.

*Judgment affirmed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*